J-S43003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BHARGAVE CHOWDARY PALETI | : | |
| | : | |
| Appellant | : | No. 1784 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 4, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0001383-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED OCTOBER 23, 2019**

Appellant, Bhargave Chowdary Paleti, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his negotiated guilty plea to two counts of disorderly conduct.[1]  We affirm.

In its opinion, the trial court sets forth most of the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.  Procedurally, we add the court ordered Appellant on October 31, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).  Appellant complied on November 26, 2018.[2]

_____

[1] 18 Pa.C.S.A. §§ 5503(a)(1) and (a)(4).

[2] Appellant filed his Rule 1925(b) statement out of time.  Nevertheless, this Court may address the merits of a criminal appeal, where a defendant files an

_____

*   Former Justice specially assigned to the Superior Court.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION BY IMPOSING A MANIFESTLY EXCESSIVE SENTENCE IN THE AGGRAVATED RANGE OF THE PENNSYLVANIA SENTENCING GUIDELINES, BY FAILING TO CONSIDER MITIGATING FACTORS PRESENT IN THE RECORD AND, THEREFORE, FAILED TO CONSIDER THE RELEVANT SENTENCING CRITERIA OF THE PENNSYLVANIA SENTENCING CODE, INCLUDING THE PERSONAL CHARACTERISTICS OF…APPELLANT, HIS REHABILITATIVE NEEDS AND THE NEED FOR PROTECTION OF THE PUBLIC?

(Appellant's Brief at 5).

Appellant argues the sentencing court failed to consider several mitigating factors, including: his lack of a prior criminal record; his age; his compliance with conditions of house arrest during this case; his education; his employment as a physician; and his acceptance of responsibility for the conduct underlying the convictions. Appellant concludes the court unreasonably and/or incorrectly applied the Sentencing Guidelines when it imposed an aggravated range sentence. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors

---

untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. Here, the trial court issued an opinion addressing Appellant's complaints. Therefore, we decline to consider Appellant's issues waived. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2008) (*en banc*) (allowing for immediate review under these circumstances).

challenges discretionary aspects of sentencing).[3]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). ***See also*** Pa.R.A.P. 302(a) (explaining general rule that issues not raised before trial court are waived and cannot be raised for first time on appeal).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830

---

[3] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's plea was "open" as to his sentence, so he can challenge the discretionary aspects of his sentence.

A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A substantial question exists where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Barrasse, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed January 30, 2019, at 11-15) (finding: in his post-sentence motion, Appellant merely listed mitigating factors and requested credit for house arrest time and reduction in sentence; Appellant did not challenge unreasonableness or excessiveness of sentence or propriety of aggravated range sentence; thus, Appellant failed to preserve discretionary aspects claim; moreover, even if Appellant had preserved claim, he is not entitled to relief; court considered Sentencing Guidelines and all Section 9721(b) sentencing factors; court acquired thorough familiarity with Appellant, severity of underlying facts, Appellant's character, escalating

nature of his actions, and dynamic of Appellant's and Victim's marriage; court considered Victim's impact statement and Appellant's voluntary withdrawal from Lackawanna County Domestic Violence Court Program; record is silent on whether Appellant sought or completed any further rehabilitation/mental health counseling; Appellant demonstrated he did not appreciate seriousness of his conduct; if placed immediately on probation Appellant would present greater risk of further offenses against Victim).  The record supports the trial court's rationale.  **See Hyland, supra**.  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judge Dubow joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019